# DAVID BRUNS
## =Attorney=

| | |
|---|---|
| Law Office of David Bruns, P.C. | Phone: (314) 832-0202 |
| 225 South Meramec, Suite 1100 | Fax:    (314) 269-1042 |
| Clayton, MO 63105 | |

**Licensed in Missouri and Illinois**

July 8, 2016

Mr. Thomas Rea/Mr. Mike Reilly
Assistant United States Attorney
111 South Tenth Street
St. Louis, Mo 63101

Re:  Maurice Woodson  4:15CR0404HEA (NAB)

Dear Mr. Rea:

As you already know, I am representing Maurice Woodson in his pending case.  As such, I am submitting the following discovery requests.  Of course, I acknowledge those materials you already provided.

1. <u>Statements</u> All written and oral statements made by the defendant.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents and tapes in which statements of the defendant are contained.  The substance of oral statements which the government intends to introduce are discoverable under Fed.R.Crim.P 16)a)(1)(A) and <u>Brady v. Maryland</u>.

2. <u>Documents, statements, reports, tangible evidence</u> Production of all documents, statements, agents' reports, and tangible evidence favorable to The defendant on the issue of guilt or which affects the credibility of the government's case.  This evidence must be produced pursuant to <u>Brady v. Maryland</u> and <u>US v. Agurs</u>, 427 U.S. 97 (1976).

3. <u>Prior record/other bad act evidence</u>  All evidence, documents, records or judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts.  Evidence of prior record is available under Fed.R.Crim.P 16(a)(1)(B).  Evidence of prior similar acts is discoverable under Fed.R.Crim.P 16(1)(1)(C) and Fed.R.Evid.404(b) and 609.  This request also includes The defendant's "rap" sheet and or NCIC computer check, and any criminal activity the government intends to reference at any penalty phase trial.

4. <u>Seized evidence</u>  All evidence seized as a result of any search, either warantless or with a warrant, in this case.   This is available under Fed.R.Crim.P 16(a)(1)(C).

5. <u>Agent's reports, notes, memos</u>  All arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to The defendant.  These reports are available under Fed.R.Crim.P. 16(a)(1)(B) and (C) and Fed.R.Crim.P 26.2 and 12(i).  In addition, it is requested that you provide any witness interview notes that you have taken which

could be considered to be statements attributable to the witness.  *See* Goldberg v. United States, 425 U.S. 94 (1976).

6. Other documents/tangible objects  All other documents and tangible objections, including photographs, books, papers, documents or copies or portions thereof which are material to The defendant's defense or intended for use in the Government's case-in-chief or were obtained from or belonging to The defendant.  Specifically requested are all documents, items and other information seized pursuant to any search. Production is required under Brady v. Maryland.

7. Bias of Government witnesses  Any evidence that any prospective government witness is biases or prejudiced against The defendant or has a motive to falsify or distort his/her testimony.  *See* Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

8. Prior record/other acts of Government witnesses  Any evidence that any prospective witness has engaged in any criminal act whether or not resulting in a conviction.  *See* FRE Rule 608(b) and Brady v. Maryland.

9. Investigation of witnesses  Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct.  United States v. Chitty, 760 F.2d 425 (2nd Cir.) *cert denied*, 474 U.S. 945 (1985).

10. Evidence regarding ability to testify  Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance or has ever been an alcoholic.  US v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980), US v. Butler, 567 F.2d 888 (9th Cir. 1978)

11. Personnel files  It is requested that the Government review each agent's personnel file for information requested in paragraphs 7-10, supra, and determine whether there is any impeaching information contained in these files, *See* US v. Henthorn, 931 F.2d 29 (9th Cir. 1991),

12. Government witnesses  The names and last know address of each prospective government witness.  *See* US v. Neap, 834 F.2d 1311 (7th Cir. 1987); US v. Tucker, 716 F.2d 583 (9th Cir. 1983); US v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979).

13. Other witnesses  The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a Government witness.  US v. Cadet, 727 F2d 1469 (9th Cir. 1984).

14. Favorable testimony  The name of any witness who made an arguably favorable statement concerning The defendant or who could not identify him or who was unsure of his identity or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jag, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975).

15. Specific inquiries of agents  It is requested that the Government make specific inquiry of each Government agent connected to this case.  US v. Jackson, 780 F.2d 1304 (6th Cir. 1986); US v. Butler, 567 F.2d 885, 889 (9th Cir. 1978).

16. Rule 26.2 Material/Timing of Production  It is requested that the Government provide all material available pursuant to Fed.R.Crim.P. 26.2 sufficiently in advance of trial so as to avoid unnecessary delay prior to cross-examination.

17. Expert/resumes  The curriculum vitae of any and all experts the government intends to call at trial, including any and all books, treatises, or other papers written by the expert which is relevant to the testimony.

18.  Expert's reports/summaries  Production of any and all reports of any examinations or tests is requested pursuant to Rule 16(a)(1)(D).  In addition, it is requested that the Government disclose a written summary of testimony the Government intends to use under FRE 702, 703, and 705 and Fed .R.Crim.P. 16(F) and (G).  The summaries should describe the witnesses' opinions, the bases and the reasons therefore and the witnesses' qualifications.

19. Confidential Informant(s) and related information  It is requested that the Government reveal the identity of any and all confidential informants who were percipient witnesses to the charges in this case and information regarding ay promises made to the CI and the information provided by the CI.

20. Promises made or "deals" with government witnesses  Under Giglia v. US, 405 US 150 (1972), the government must provide all promises of consideration given to witnesses.  *See also* US v. Shaffer, 789 F.2d 682 (9th Cir. 1986).

21. Minutes of Grand Jury Proceedings  Production of the minutes of the grand jury proceedings is requested in order to determine whether there has been compliance with Rule 6 regarding attendance an the number of grand jurors voting on this Indictment.  *See* Rule 6(b)-(d).

22.  Grand jury transcripts  All grand jury transcripts are requested.

23. Any items or statements arguably subject to a suppression motion.  Fed.R.Crim.P. 12(b)(4)(B).

24. Statement by Government of refusal to provide  If the Government has any of the above requested items but refuses to provide them to the defense, please advise and state what items are refused.

Thank you for your attention to these requests.


Sincerely,

/s/ David Bruns
_____
Attorney at law